UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SHANNON WILKERSON** | * | **CIVIL ACTION NO.** |
| **Plaintiff** | * | |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| | * | **JUDGE:** |
| **CORTEZ DARRELL WARD** | * | |
| **KNIGHT TRANSPORTATION, INC.** | * | |
| **KNIGHT TRANSPORTATION** | * | |
| **TECHNOLOGIES, INC.** | * | **MAGISTRATE:** |
| **AND MOHAVE TRANSPORTATION** | * | |
| **INSURANCE CO., INC.** | * | |
| **Defendants** | | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## NOTICE OF REMOVAL

**NOW COME**, through undersigned counsel, Cortez Darrell Ward, Knight Transportation, Inc., and Mohave Transportation Insurance Co., Inc. ("Mohave") (collectively "Defendants"), who appear solely for the purpose of filing this Notice of Removal and reserve all rights, defenses, objections, exceptions, and claims they may have. In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendants hereby remove this civil action, which was pending as Case No. 2022-02033, Division "G," Section 11 in the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana on the grounds that there is complete diversity between the parties and the matter in controversy exceeds $75,000.

In support of this Notice of Removal, Defendants show:

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On March 9, 2022, Plaintiff, Shannon Wilkerson, filed her Petition for Damages in the Civil District Court for the Parish of Orleans. *See* Plaintiff's Petition for Damages, attached hereto as Exhibit "A." Plaintiff alleges that she was severely injured on or about March 10, 2021 when

1

a vehicle owned by Knight Transportation Technologies, Inc. and/or Knight Transportation, Inc., operated by Cortez Darrell Ward and allegedly insured by Mohave Transportation Insurance. *See* Exhibit A, ¶¶ III-IX.

## II.    LAW AND ARGUMENT

This Honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the $75,000 jurisdictional minimum, exclusive of interest and costs.

### a.    There is Complete Diversity of Citizenship Between Plaintiff and Defendants

#### (1)    Plaintiff Shannon Wilkerson

Plaintiff's Petition for Damages asserts that she is a domiciliary of the Parish of Orleans, the State of Louisiana. *See* Exhibit "A," Preamble.

#### (2)    Knight Transportation, Inc.

Defendant Knight Transportation, Inc., is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business in Arizona.

#### (3)    Defendant Cortez Darrell Ward.

Defendant Cortez Darrell Ward is an individual domiciled in and a citizen of the State of Mississippi.

#### (4)    Defendant Mohave Transportation Insurance Company

Mohave Transportation Insurance Company is a foreign insurance company organizing under the laws of the state of Arizona and maintains its principal place of business in the state of Phoenix, Arizona.

**(5)** Plaintiff also named as Defendant a fictitious company entitled "Knight Transportation Technologies, Inc., about whom Defendants have no knowledge.

b.    **The Amount in Controversy Exceeds $75,000**

Plaintiff's Petition does not allege a specific amount of damages Plaintiff seeks to recover from Defendants for the alleged injuries caused by the accident. "Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages [...] the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). "The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Id.* at 882-83. "The jurisdictional facts that support removal must be judged at the time of the removal." *Id.* at 883.

The plaintiff in *Gebbia* alleged she suffered from injuries to her wrists, knee, patella, and back, and sought to recover damages for medical expenses, physical and mental pain and suffering, loss of enjoyment of life, lost wages and earning capacity, disfigurement, and p disability. *See Gebbia*, 233 F.3d at 883. The court held the plaintiff's allegations in her petition were sufficient to make it "facially apparent" that the jurisdictional minimum amount in controversy was satisfied. *See id.*

Here, the Plaintiff alleges the accident caused her "severe and painful personal injury, including but not limited to all bones and muscles of the body, nerves, ligaments, tissues, and blood vessels, and, more particularly, injuries to the back, neck, knee, wrist, and hip. Exhibit "A," at ¶ VI.

Plaintiff seeks to recover damages as follows:

- Past, present and future physical pain and suffering;

- Past, present and future mental pain and suffering:

- Lost wages;

- Loss of enjoyment of life;

- Disability and loss of function;

- Past, present and future medical bills,;

- Property damages;

- Loss of use;

- Any and all other damages proven at the trial of this matter.

*See* Exhibit "A," ¶ VIII. Like the plaintiff in *Gebbia,* the allegations by Plaintiff against Defendants in her Petition for Damages in this case make it "facially apparent" that she seeks damages in excess of $75,000. Therefore, the amount in controversy for Plaintiff in this litigation exceeds the jurisdictional minimum of $75,000, pursuant to 28 U.S.C. § 1332.

    c.    **Venue is Proper in the United States District Court for the Eastern District of Louisiana**

Defendants removing actions from state court to federal court "shall file [a Notice of Removal] in the district court of the United States for the district and division within which such action is pending. . . ." *See* 28 U.S.C. § 1446(a). Plaintiff alleges she resides in Louisiana and that the accident occurred in Orleans Parish, which is encompassed by the United States District Court for the Eastern District of Louisiana.

Therefore, venue under 28 U.S.C. §1446, is proper in this Honorable Court, as a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern District of Louisiana.

### d. Defendants Timely Filed This Notice of Removal

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).

Plaintiff filed her Petition for Damages in the Civil District Court for the Parish of Orleans on March 9, 2022. The National Registered Agents, Inc., received a certified copy of the Citation and Petition on March 28, 2022, as the agent for service of process for Mohave Transportation. Only Defendants Ward and Mohave have been served. Therefore, the filing of this Notice of Removal within 30 days of service of process on Mohave is timely.

### e. Consent

Only the Defendants served with process, Mohave and Ward, need provide their consent or join the removal. 28 U.S.C. § 1446 (b) (2). In an abundance of caution, Defendant Knight joins in this removal, subject to reservation of all defenses. The consent of the fictitious Defendant Plaintiff calls "Knight Transportation Technologies, Inc.," is not required in connection with the filing of this Notice of Removal as it has not been served and is a fictitious company. *Id.* 28 U.S.C. §1446(b)(2)(A).

An intervention was filed by Carlo Ditta LLC. Under 28 U.S.C. §1446(b)(2)(A) "all defendants who have been properly joined and served must join in or consent to the removal of the action." Consent is not required from the Intervenor as it is not a defendant in this matter.

  **f.**  **Defendants Attach to this Notice of Removal all Pleadings and Process**

Pursuant to 28 U.S.C. § 1446(a), Defendants attach to this Notice of Removal a copy of all state court pleadings of which they are aware in this matter.

  **g.**  **Defendants Have Paid the Mandatory Filing Fee**

Defendants have paid the mandatory filing fee of $400.00 for removal of this action.

**III.** **CONCLUSION**

Defendants submit they have shown that they are entitled to remove this matter from the Civil District Court for the Parish of Orleans to the United States District Court for the Eastern District of Louisiana because there is complete diversity of citizenship between the parties, the amount in controversy in this civil action exceeds $75,000, and Defendants have timely filed its Notice of Removal.

**WHEREFORE**, Defendants, Cortez Darrell Ward, Knight Transportation, Inc., and Mohave Transportation Insurance Company, hereby give notice of its removal of the state court action to this Honorable Court and pray that this matter proceed accordingly.

Respectfully submitted,

**FRILOT L.L.C.**

*/s/ Magali A. Puente Martin*
Campbell E. Wallace (13195)
Magali A. Puente Martin (27279)
Kelly L. Long (34945)
1100 Poydras Street, Suite 3700
New Orleans, LA 70163-3700
T: (504) 599-8000 | F: (504) 599-8100
Email: cwallace@frilot.com
mpuente@frilot.com
klong@frilot.com
*Attorneys for Defendant Cortez Darrell Ward, Knight Transportation, Inc. and Mohave Transportation Insurance Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of April, 2022, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

*/s/ Magali A. Puente Martin*